ALLEN, Judge.
The appellant challenges an order of a hearing officer from the Division of Administrative Hearings (DOAH) dismissing the appellant’s petition for attorney’s fees and costs filed pursuant to section 57.111, Florida Statutes. Because we conclude that the hearing officer erroneously determined that an unemployment proceeding under section 443.141, Florida Statutes, is not an administrative proceeding conducted pursuant to chapter 120, Florida Statutes, we set aside the order.
The appellant is a court reporting business in Pensacola. By letter dated October 8, 1991, the appellee notified the appellant that court reporters working for the appellant were determined to be “employees,” and that the appellant was ordered to pay unemployment taxes on its court reporters. The appellant objected and was granted a hearing pursuant to the administrative rule which implements section 443.141(2)(b), Florida Statutes. Following this hearing, a special deputy from the appellee’s Bureau of Appeals issued a recommended order in which it was concluded that the court reporters were independent contractors rather than employees. The special deputy therefore recommended that the October 8,1991 determination be reversed. The appellee thereafter entered a final order adopting the special deputy’s findings, conclusions and recommendation. The appellant then filed a petition with DOAH for attorney’s fees and costs pursuant to section 57.111, Florida Statutes. But the appellee filed a motion to dismiss, which the hearing officer granted, concluding that there was no statutory authority for an award of fees and costs because the underlying action was not an administrative hearing conducted pursuant to chapter 120.
Section 57.111(4)(a), Florida Statutes (1993) provides:
Unless otherwise provided by law, an award of attorney’s fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.
Contrary to the appellee’s argument, the appellant prevailed in the proceeding initiated by the appellee’s letter of October 8, 1991. The remaining question is whether the proceeding below was an “administrative proceeding pursuant to chapter 120.”
Section 120.57, Florida Statutes, provides procedures that “apply in all proceedings in which the substantial interests of a party are determined by an agency, unless such proceedings are exempt pursuant to subsection (5).” Subsection (5) exempts only proceedings in which the substantial interests of a student are determined by the State University System. The appellee was deter *972 mining the substantial interests of the appellant in the proceeding below, and thus section 120.57 was applicable.
The hearing officer, however, relied on language in section 120.57(l)(a)2, Florida Statutes, in concluding that unemployment compensation proceedings are exempt from section 120.57. That language states:
(a) A hearing officer assigned by the division shall conduct all hearings under this subsection, except for:
[[Image here]]
2. Hearings before the Unemployment Appeals Commission in unemployment compensation appeals, unemployment compensation appeals referees, and special deputies pursuant to s. 443.141.
Nothing in the plain language of this statute renders the provisions of section 120.57 inapplicable. Rather, this language merely provides that DO AH hearing officers will not conduct 120.57(1) hearings involving unemployment compensation. It does not remove unemployment compensation proceedings from the procedural requirements of 120.57(1).
We are bolstered in this conclusion by language in section 120.57(l)(b), Florida Statutes, which sets out in .detail the procedures for proceedings under section 120.57(1). That section provides in part that “[ejxeept for any hearing before an unemployment compensation appeals referee,” the agency must provide notice of hearing which includes “a short and plain statement of the matters asserted by the agency and by all parties of record at the time notice is given.” § 120.57(l)(b)(2)d. If, as the hearing officer concluded, unemployment compensation proceedings were exempt from section 120.57 by virtue of section 120.57(l)(a)2, it would be unnecessary to except them from the notice requirement of section 120.57(l)(b)(2)d.*
We therefore conclude that the proceeding under section 443.141 was an “administrative proceeding pursuant to chapter 120” as contemplated by section 57.111. Accordingly, the appealed order is set aside and this case is remanded.
DAVIS, J., and WENTWORTH, Senior Judge, concur.

 Similarly, § 120.57(l)(b)2 contains a procedural exemption for hearings involving certain student disciplinary actions even though § 120.57(l)(a)6 provides that such hearings are not before DOAH hearing officers.